IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 3 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| KEVIN MICHAEL SMITH, § | |
| Movant, § | |
| VS. § | NO. 4:09-CV-652-A |
| § | (NO. 4:06-CR-203-A(2)) |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration is the motion filed by movant, Kevin Michael Smith, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the response of the government thereto, movant's reply to the response, and the papers on file in movant's criminal case, the court has concluded that the motion should be denied.

I.

Background

On January 24, 2007, a four-count superseding indictment was returned charging movant in Count One with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, in Count Two with conspiracy to use and carry a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(o), in Count Three with conspiracy to possess an unregistered firearm, in violation of 18 U.S.C. § 371, and in Count Four with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5845, and 5871. On February 6, 2007, a jury convicted movant on

all counts. On June 15, 2007, the court sentenced movant to terms of imprisonment aggregating 124 months, to be followed by a three-year term of supervised release. The Fifth Circuit affirmed his conviction, <u>United States v. Frazier</u>, 286 F. App'x 239 (5th Cir. Aug. 8, 2008), and the United States Supreme Court denied his petition for certiorari. This timely motion followed.

II.

## Grounds of the Motion

Movant asserts three grounds for relief in his motion: Ground One: "Ineffective Assistance of Counsel at the Pre-Trial Stage"; Ground Two: "Ineffective Assistance of Counsel at Trial"; and, Ground Three: "Ineffective Assistance of Counsel on Appeal."

Movant alleged as the factual basis for Ground One that trial counsel failed to subpoena and call Donald Blake (a/k/a "Stoney") to testify on his behalf at trial. Movant alleged that had Stoney been called to testify, he would have corroborated movant's line of defense by testifying that movant's plan to commit bank robbery was just a ruse designed to convince undercover law enforcement officers to sell him guns, and that movant actually planned to steal the guns from the undercover officers and sell them to Stoney, not use them in a bank robbery.

As the factual basis for Ground Two, movant alleged that trial counsel failed to object to the following comments made by the prosecutor during closing argument: "Kevin Smith is arguing that he's not guilty on Counts 3 and 4. Well, what's their

defense? The defense was that they were going to steal these weapons. Of course he's guilty of it."

As the factual basis for Ground Three, movant alleged that appellate counsel failed to argue on appeal that the Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007), required vacatur of movant's conviction on Count Two.

III.

Standard for Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, movant must show that counsel's performance was deficient and that counsel's deficient performance caused movant prejudice. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Day v. Quarterman, 566 F.3d 527, 536 (5th Cir. 2009). Counsel's performance is deficient if it falls short of an objectively reasonable performance, as measured by prevailing professional norms. Day, 566 F.3d at 536. Judicial scrutiny of counsel's performance is highly deferential, and movant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. As to the prejudice component of the Strickland test, mere conclusory allegations that movant was prejudiced are insufficient. To prevail, movant must affirmatively prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 695) (internal quotation marks omitted).

3

IV.

## None of the Grounds Has Merit

A. <u>Ground One</u>

Movant has failed to show that trial counsel's failure to subpoena and call Stoney was either deficient or that it caused him prejudice. To the extent movant contends that counsel's failure to subpoena and call Stoney was deficient, movant has failed to rebut the presumption that such failure was the product of an informed strategic choice. The papers on file in movant's criminal case show that trial counsel moved the court to issue a subpoena for Stoney six days prior to trial and that the court issued the subpoena on the same day it was requested. Counsel also included Stoney on each witness list filed with the court prior to trial.[1] The court can thus infer that counsel was aware of Stoney's relevance to movant's defense and chose not to subpoena and call Stoney for strategic reasons. A strategic choice, even if detrimental to movant's defense, does not constitute deficient performance under <u>Strickland</u>. <u>Buckley v. Collins</u>, 904 F.2d 263, 265-66 (5th Cir. 1990).

Nor has movant shown the required prejudice. Movant has not alleged facts showing that Stoney was available to testify at trial or that he would have testified had he been called to do so. <u>Day</u>, 566 F.3d at 538; <u>Sayre v. Anderson</u>, 238 F.3d 631, 636

---

[1] In his motion, movant gives "Donald Blake" as Stoney's real name. The <u>Ex Parte</u> Application for Issuance of Subpoena and witness lists filed by movant's counsel listed "Don Blakely" as one of the witnesses to be subpoenaed and who would testify at trial. Other papers on file indicate that "Don Blakely" is the person referred to by movant as Stoney.

4

(5th Cir. 2001). Movant also has not provided an affidavit from Stoney describing Stoney's proposed testimony; the only evidence of what Stoney would have testified to is movant's hearsay version of what Stoney would have said. Movant's speculation as to what Stoney would have testified to had he been called is insufficient to show that Stoney's testimony would have changed the outcome of the trial. United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983).

B. Ground Two

Movant's Ground Two is likewise unavailing. Although the prosecutor's statement could be viewed as his personal opinion that movant was guilty (which would be improper argument), it more likely was a logical deduction from the evidence presented at trial. Even if the prosecutor's statement were improper, movant has provided no evidence that the outcome of the trial would have been different had his attorney objected to the statement. See Harris v. Cockrell, 313 F.3d 238, 245 (5th Cir. 2002).

C. Ground Three

Finally, appellate counsel was not ineffective by failing to challenge movant's conviction on Count Two based on Watson, as any such challenge would have been frivolous. In Watson, the Supreme Court held that a defendant does not "use" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A) when he trades narcotics to obtain a gun. Although the evidence presented at trial demonstrated that movant and his co-conspirators planned to

5

sell fake narcotics to obtain guns, movant's conviction on Count Two was predicated on his participation in the conspiracy to use firearms in the course of committing bank robbery, not on the planned drugs-for-guns transaction. Watson is therefore inapposite. Appellate counsel was not ineffective by failing to present a nonmeritorious issue on appeal. United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000).

V.

Order

Therefore,

For the reasons discussed above,

The court ORDERS that the motion of Kevin Michael Smith to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 3, 2010

JOHN McBRYDE
United States District Judge